UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

─────

KEITH MADDOX-EL,

        Plaintiff,

v.                                                Case No.  2:15-cv-98
                                                HON.  GORDON J. QUIST

CHRISTINE HENSEN,

        Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Keith Maddox-El filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Chippewa Correctional Facility library technician Christine Henson for retaliation.   Plaintiff claims that Defendant refused to copy a complaint that he had filed three months earlier in Case Number 2:14-cv-181, and then she destroyed the copy he provided her in retaliation for filing that complaint.  Plaintiff alleges that Defendant Henson told him that "I'm sick of all your Coon filing lawsuit[s] against my friends.  Colleen Brown is a friend of mine.  Yaha I trashed your fucking lawsuit because you shouldn't have filed a lawsuit against my girlfriend. . . . If you file one on me, I'm going to have your ass transferred like I did that Asshole Raines and Dillard for filing Grievance"  Plaintiff grieved this issue.  The grievance was denied after the videotape was reviewed showing that Defendant Henson handed Plaintiff back the copies of the complaint that Plaintiff gave her.  Further, it appears that there was not much of a conversation between Defendant Henson and Plaintiff, and no other prisoners in the library reacted to anything that was said between Defendant and Plaintiff.

As a result of the filing the grievance, a misconduct ticket was issued for interference with administration of rules for making false statements in a grievance. The misconduct was issued on the recommendation of grievance coordinator M. McLean to Warden Woods. Warden Woods approved the misconduct. Plaintiff was found guilty of that misconduct ticket after a hearing. Plaintiff argues that the issuance of the misconduct ticket was in retaliation for his lawsuit and grievance filing. Further, in February of 2015, Plaintiff was transferred to Newberry Correctional Facility. Plaintiff claims that his transfer was a retaliatory act. Defendant moves for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139

(6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that Defendant Henson retaliated against him when she refused to make copies of his complaint filed in Case Number 2:14-cv-181, when he was given a misconduct ticket, and when he was transferred to a new prison facility. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant explains that the MDOC charges prisoners 10 cents per page for legal photocopying services. If the prisoner does not have sufficient funds to cover the costs, a loan may be available if the prisoner demonstrates that the documents must be filed. Plaintiff did not have sufficient funds in his account and indicated that he expected a deposit into his account soon. Defendant asserts that Plaintiff never informed her that copies of the documents were necessary for any legal matter. Defendant returned the documents to Plaintiff. Plaintiff has not shown that an additional copy of his complaint and exhibits was necessary. Plaintiff had filed his complaint in this Court approximately three months before he requested an additional copy. Moreover, after Plaintiff

filed a grievance where it was determined that he made false statements, he was given a misconduct

ticket.   During the investigation of the grievance, a video recording was reviewed and it was

determined that Plaintiff lied in his grievance.   The Step I Grievance Response states:

> Prisoner Maddox turned in a photocopy request on 11/20/14 at the
> library window; when staff checked his account he had no money.
> Prisoner Maddox was put back on call the next day (11/21/14) to
> show why the copies were necessary per PD 05.03.116.   Maddox
> arrived at his callout but made no attempt to show why he needed
> copies.   Maddox stated that he thought he had money in his account.
> His request was denied Non-Sufficient Funds and all his paperwork
> was returned to him on 11/21/14.   Library staff did not remove any
> paperwork from his request.   I have reviewed the video and it shows
> Ms. Henson returning paperwork to Maddox.   It does not show any
> extended conversation nor does it show any reactions from other
> library users.   I find no credibility to Maddox version of the
> conversation.

PageID.137.   As a result of the false statements made during the grievance process, Grievance

Coordinator M. McLean submitted a Memorandum to Warden Woods which stated:

> This prisoner submitted a grievance URF 14 11 3679 17E alleging
> serious misconduct by Librarian C. Henson.   This grievance was
> investigated and determined to be unfounded.   If proven true this
> could have caused C. Henson to be disciplined.   This prisoner just
> recently finished 90 days on modified access for not filing grievances
> in a responsible manner.   I recommend this prisoner be written a
> major misconduct for Interference with Administration of Rules.

PageID.139.   Warden Woods wrote "Video does not support the allegation made by the Prisoner a

class II Interference of administration of Rules misconduct is approved."  *Id.*   Plaintiff was charged

and found guilty of the misconduct after a hearing.   PageID.140.   Plaintiff appealed the misconduct

guilty finding.   Plaintiff's appeal was denied.   PageID.141.

In the opinion of the undersigned, Plaintiff cannot support his allegations that

Defendant retaliated against him when she refused to copy his documents.   Defendant has shown

that Plaintiff did not have sufficient funds at the time he requested copying services and that Plaintiff

failed to show a legal need that necessitated copying of his complaint and exhibits.  Moreover, Defendant has shown that Plaintiff's documents were returned.  Plaintiff's claims were proven false during the grievance investigation and the misconduct hearing.  Moreover, Plaintiff has failed to show that he had any particular legal need for the documents and that any adverse conduct was taken against him which could support a retaliation claim.  Similarly, Plaintiff has set forth no facts that could support his claim that Defendant retaliated against him when he received his misconduct ticket or when he was transferred to a different prison.  Defendant has shown that she was not involved in the issuance of the misconduct ticket or in Plaintiff's transfer to a different facility.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 16) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt

- 5 -

of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140

(1985).


Dated: May 9, 2016

                                        /s/ TIMOTHY P. GREELEY
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE