UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEITH MADDOX-EL,

       Plaintiff,                                      Case No. 2:15-CV-98

v.                                                       Hon. Gordon J. Quist

CHRISTINE HENSEN,

       Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On May 9, 2016, Magistrate Judge Timothy Greeley issued a Report and Recommendation (R & R) in which he recommended that the Court grant Defendant's motion for summary judgment. Plaintiff filed objections, which the Court has reviewed de novo. For the reasons that follow, the Court will adopt the R & R.

Plaintiff alleges that Defendant retaliated against him by taking a copy of a complaint he filed in another lawsuit, causing a misconduct report to be filed against him, and causing him to be transferred to another facility. To make out a retaliation claim, Plaintiff must demonstrate that (1) he engaged in protected conduct; (2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Defendant's alleged seizure of Plaintiff's complaint does not constitute an adverse action that would deter a person of ordinary firmness from engaging in protected conduct. Plaintiff had filed his complaint months before the incident, and could have obtained a copy of the complaint from the court. Accordingly, Plaintiff's claim based on the taking of his complaint fails.

Plaintiff's other claims fare no better. Defendant has provided evidence that she was not involved in the misconduct ticket or the transfer, and Plaintiff has failed to refute that evidence. Moreover, because Plaintiff was found guilty of the misconduct at issue, it may not form the basis of a retaliation claim. *See Lewis v. Turner*, 16 F. App'x 302, 304 (6th Cir. 2001) ("A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim."). Finally, an ordinary prison transfer does not constitute an adverse action. *See Siggers–El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005) ("Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct."). Accordingly, the Court finds that Plaintiff has failed to demonstrate that Defendant retaliated against him.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed May 9, 2016 (ECF No. 25), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice.**

A separate judgment shall issue.

This case is concluded.


Dated: May 27, 2016                                         /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                            UNITED STATES DISTRICT JUDGE